UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RICHARD BEHAR,<br><br>       Plaintiff,<br><br>v.<br><br>DEPARTMENT OF HOMELAND SECURITY,<br><br>       Defendant. | Docket No. 18-CV-7516<br><br>**COMPLAINT** |

## INTRODUCTION

Plaintiff Richard Behar, by his undersigned attorneys, allege:

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*, for declaratory, injunctive, and other appropriate relief brought by Plaintiffs.

2. It is related to ongoing litigation, captioned *Behar v. Department of Homeland Security*, No. 17-cv-8153 (S.D.N.Y).

3. By this action, Plaintiff seek to compel defendant, the United States Department of Homeland Security, to release records responsive to a FOIA request properly made by Plaintiff.

4. The FOIA requests underlying this action seek records in the Secret Service's possession pertaining to individuals visiting President Donald Trump, his family members, and his associates during the time when they were under Secret Service protection prior to President Trump's inauguration.

5. Included in the requests are schedules identified by the Secret Service reflecting potential meetings with candidate and President-Elect Trump.

## PARTIES

6. Plaintiff Richard Behar is the Contributing Editor of Investigations at Forbes. Since 2011, he has published a range of investigative pieces for Forbes. He is the recipient of multiple journalism awards and prizes, including the George Polk Award, the Ed Cunningham Award, the Daniel Pearl Award, and the Morton Frank Award. He has extensively covered the Trump Administration, in particular President Trump's business dealings, financial entanglements, and links with Russia.

7. Defendant DHS is an agency of the United States within the meaning of 5 U.S.C. § 552(f)(1). DHS and its component Secret Service possess and control the requested records and are responsible for fulfilling Plaintiff's FOIA request.

## JURISDICTION AND VENUE

8. This Court has subject-matter jurisdiction over this action and personal jurisdiction over the Defendant pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

9. Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B).

## FACTS

10. On June 16, 2015, Donald J. Trump announced that he would run for President of the United States of America.

11. In November 2015, then-candidate Trump received Secret Service protection. Over the course of the next year, additional members of the Trump family and individuals affiliated both with the Trump campaign and Trump Organization also received Secret Service protection.

12. In July 2016, Trump formally won the Republican Party's presidential nomination at the GOP Presidential Convention.

13. After Trump's election on November 8, 2016, several post-election revelations regarding the campaign's contacts with Russian individuals came to light.

14. These contacts have been the subject of congressional hearings and are central to are the special counsel's investigation of links between the Russian government and individuals associated with the Trump campaign.

15. On September 22, 2017, Mr. Behar submitted to Defendant a FOIA Request, seeking records of individuals screened or noted by the Secret Service between November 1, 2015, and January 21, 2017, because they either (a) sought to visit any of 11 listed individuals, including Donald J. Trump, Jared Kushner and Paul Manafort; or (b) sought acces to any secured area when any of those 11 listed individuals were present.

16. After Defendant failed to respond, Plaintiff filed suit. *See Behar v. Department of Homeland Security*, No. 17-cv-8153 (S.D.N.Y).

17. On February 21, 2018, the court entered an order adopting the parties' joint stipulation governing the agency's search for responsive record. A true and correct copy of that stipulation is annexed as Exhibit A.

18. On May 2, 2018, counsel for the Secret Service sent counsel for Mr. Behar an email stating that, in the course of its search pursuant to the joint stipulation, the Secret Service "identified some schedules that included reference to future meetings with Mr. Trump," but that "none of those schedules reflected any screening or notation of individuals by the USSS, and thus they were not identified as responsive to plaintiff's FOIA request." Mr. Behar objected to the agency's determination of responsiveness, but the agency insisted that he file a new request for the schedules.

19. In response, Mr. Behar, without waiving his contention that the schedules are responsive to his original request, filed a second FOIA request on May 14, 2018, that specifically requested "[a]ll schedules identified by the USSS that are referenced in the May 2, 2018, email . . . including all references to future meetings with Mr. Trump," and "[a]ny additional documents the USSS locates in conducting the searches described in the Joint Stipulation and Order, *Behar v. U.S. Department of Homeland Security*, No. 17-cv-8153 (S.D.N.Y. Feb. 21, 2018), . . . that reference any individuals attending or expected to attend meetings with Mr. Trump and/or the Trump family members and/or campaign officials described in [his] September 22, 2017 FOIA request." A true and correct copy of Plaintiff's May 14 FOIA request is annexed as Exhibit B.

20. On June 11, 2018, the Secret Service responded to the May 14, 2018, request by (1) stating that it had located responsive documents; (2) stating that it was withholding those documents because it did not believe they were agency records, and because, even if they were, they would be withheld subject to Title 5, United States Code, § 552(b)(6), (b)(7)(c), and b(7)(e). The Secret Service's response to the May 14 FOIA request is annexed as Exhibit C.

21. On July 2, 2018, Plaintiff filed an administrative appeal with the Secret Service. That appeal is annexed as Exhibit D.

22. On August 8, 2018, the Secret Service denied Plaintiff's administrative appeal. That denial is annexed as Exhibit E.

## COUNT I

1. Plaintiffs repeat, reallege and reincorporate the allegations in the foregoing paragraphs as though fully set forth herein.

2. Defendant United States Secret Service is subject to FOIA and must therefore release in response to a FOIA request any disclosable records in its possession at the time of the

request and provide a lawful reason for withholding any materials as to which it is claiming an exception.

3.  The Secret Service has denied Plaintiff's administrative appeal and Plaintiff has therefore exhausted his administrative remedies under FOIA.

4.  The Secret Service has no lawful basis for declining to release the records requested by Plaintiffs under FOIA.

5.  Accordingly, Plaintiffs are entitled to an order compelling the Secret Service to produce records responsive to their FOIA request.

* * * * *

## RELIEF REQUESTED

**WHEREFORE**, Plaintiffs respectfully request this Court to:

1. Declare that the schedules sought in Plaintiffs' second FOIA request, as described in the foregoing paragraphs, are public under 5 U.S.C. § 552 and must be disclosed;

2. Order the Secret Service to provide the requested documents to Plaintiffs within twenty business days of the Court's order;

3. Award Plaintiffs the costs of this proceeding, including reasonable attorneys' fees, as expressly permitted by FOIA; and

4. Grant such other and further relief as the Court deems just and proper.

Dated: August 17, 2018

                                              Respectfully submitted,

                                              MEDIA FREEDOM AND INFORMATION ACCESS CLINIC

                                              By: /s/ John Langford
                                              John Langford, Supervising Attorney
                                              Charles Crain, Supervising Attorney
                                              MEDIA FREEDOM & INFORMATION ACCESS CLINIC
                                              ABRAMS INSTITUTE
                                              Yale Law School
                                              P.O. Box 208215
                                              Ne Haven, CT 06520-8215

Tel: (203) 436-5831
Fax: (203) 432-3034
john.langford@ylsclinics.org
*Counsel for Plaintiffs*